PARKER v. PARKER.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

DIVORCE (§ 287*)—FEES AND EXPENSES—REFERENCE—ADMISSION TO PREVENT REFERENCE.

Where an order appointing a referee to take proof as to the plaintiff's finances is made upon the defendant's application for an allowance for fees and expenses, and the plaintiff on appeal admits his ability to pay any sum fixed by the court upon the application, the order will be reversed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 771; Dec. Dig. § 287.*]

Appeal from Special Term, New York County.

Action for divorce by John Alley Parker against Jane Humes Parker. From an order appointing a referee to take proof of his finances, plaintiff appeals. Reversed.

See, also, 137 App. Div. 908, 122 N. Y. Supp. 1139.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Norman W. Kerngood, for appellant.

Gilbert & Wessel (Alphonse G. Koelble, of counsel), for respondent.

PER CURIAM. This is an action for divorce. By an order entered January 24, 1910, a counsel fee of $350 and alimony at the rate of $50 per week were awarded to the defendant. This is the second application since said order was made for an additional allowance by

way of counsel fees and for legal expenses incurred or to be incurred for the defense, and was made by way of an order to show cause, under which application was made for varied sums, aggregating upwards of $6,000. The learned Special Term did not pass upon the application, but directed a reference to determine the financial condition of the plaintiff. Upon the argument upon this appeal, counsel for the plaintiff admitted his ability to pay any sum fixed by the court upon the application. The order appealed from appointing a referee is therefore reversed.

The main ground for the large allowance asked for is to enable the defendant to send an attorney to Austria for the purpose of examining proposed witnesses to enable her to frame written interrogatories. We are satisfied, from an examination of these papers, that such procedure is unnecessary, and that she has in her possession abundant information to enable proper written interrogatories to be framed. We are also of the opinion that the claims made for expenses heretofore rendered are inordinate. An additional counsel fee of $500 will be allowed, to cover and include all services to be rendered to the time of and including the trial, and such written interrogatories as are to be framed under the permission to take testimony, heretofore allowed, must be prepared and submitted within 10 days after the entry and service of the order to be entered hereon.

Settle order on notice. No costs upon this appeal to either party.